PROVINCIA RELIGIOSA DE PADRES MERCEDARIOS DE CASTILLA, Appellant, *v.* REGISTRAR OF PROPERTY OF SAN GERMÁN, Respondent.

No. 1194. Submitted November 4, 1946.—Decided February 11, 1947.

*Carlos García Méndez* for appellant. The registrar appeared by brief.

MR. JUSTICE SNYDER delivered the opinion of the court.

By a deed executed in Spain the petitioner acquired certain properties located in Lajas, Puerto Rico, belonging to Pantaleona Melón Saenz. The deed adequately described one of the properties but not the others because the data for their description was not available. The deed recited that the properties being conveyed consisted of all the properties owned by the vendor in Lajas which she had acquired by inheritance from her cousin, Santiago Saenz Martínez.

The petitioner presented the said deed to the registrar for recordation, accompanying it with another in which the attorney-in-fact of the petitioner described the said other properties owned by the vendor in Lajas. The registrar refused to inscribe the deed for two reasons. The first was that the properties which the petitioner was attempting to record had been previously annotated in favor of the heir of the predecessor in interest. It is unnecessary for us to examine this first ground, as a certificate of the registrar has been filed reciting that the annotation has expired.

The second ground of the registrar was that the deed does not describe the properties and that the explanatory deed executed by the attorney-in-fact of the petitioner was not sufficient. The petitioner thereupon submitted to the registrar a deed executed by the attorney-in-fact of Pantaleona Melón entitled Notarial Act for Inventory of the Properties Inherited by Pantaleona Melón by Will of Santiago Saenz Martínez. This document described the properties inherited by the vendor which were located in Lajas. The registrar ratified his previous decision, and the petitioner filed this administrative appeal.

The registrar relies on Articles 9 and 21 of the Mortgage Law and Article 87 of the Regulations. But it is precisely Articles 21 and 87 which authorize the registrar, once it is established by authentic documents exactly which properties are covered by the deed, to make the corresponding inscriptions in the registry.[1]

---

[1] These Articles read as follows:

"Art. 9.—Every record made in a registry shall set forth the following details:

"1. The nature, location and bounds of the real property the subject of record, or which is affected by the right to be recorded, and its area according to the standard used in the country and its equivalent in the metric decimal system, and the name and number of the estate, if shown in the instrument.

"«*　　*　　*　　*　　*　　.*　　*

"Art. 21.—Public instruments embodying acts or contracts subject of record must state at least all the details which the record must contain under the penalty of nullity, relating to the persons of the parties thereto, the states and the recorded interests.

Morell, commenting on Article 21 of the Spanish Mortgage Law, essentially the same as ours, says at p. 428 of vol. 2 of his Commentaries on the Mortgage Law, 1917 ed.:

"In effect; one speaks in general of universal and singular documents of title, and also in general there is required only that, with some other authentic document, there be found included in them the properties to be inscribed. *A* sells *B* farms he acquired from *C* in a deed of a certain date, before a certain notary, without describing them. The text of the second paragraph of article 21 permits the use of the said deed of sale to show which are the farms which were sold and for which inscription is being requested."

Galindo and Escosura are of the same opinion in 2 Commentaries on Mortgage Legislation 222:

". . . But even conceding that Article 28 of the Regulations said what the resolution affirms, it is not applicable as a general doctrine: against that we have, in addition to what number I of Article 64 of the same Regulation provides, concerning the circumstances which annotations have to contain, the clear and absolute precept of Article 21 of the Mortgage Law, according to which, although the *universal* or *singular* documents of title do not describe the properties, they may be inscribed if by another authentic document it is established that they are included in the said documents of title: The Resolution of December 6, 1864, holding that it is sufficient that the boundaries appear in an authentic document, either prior or subsequent to that being inscribed, or in a certificate of the Treasurer, if the properties involved are transferred by him, and the Resolution of June 8, 1876, holding that the lack of a description or determination of the properties, may be supplied by presenting other documents in which it appears."

"The owners of real property or property rights acquired under any universal or singular title which does not set them forth and describe them individually, may obtain their record upon presentation of such title with the document, when necessary or proper, establishing the fact that they had been conveyed to them and establishing by any other authentic document that it includes the property which they seek to have recorded."

"Art. 87.—Authentic documents for the purposes of the second paragraph of article 21 of the law shall be considered . . . or any other instruments which are admissible as evidence in which express mention of the property is made, and of its origin, in terms sufficiently explicit in the opinions of the registrar, without prejudice in any case to the proper administrative remedy against his decision."

As the document executed by the attorney-in-fact of the vendor was an authentic document in which the properties are described, and as the properties are recorded in the name of the one who conveyed them, the registrar erred in not inscribing the deed herein.